[Gailey, in Error, *v.* Beard.]

# John Gailey, plaintiff in error *against* Thomas Beard.

If damages under 40s. be recovered in slander, and judgment entered for costs; on error brought by the defendant below, the judgment will be reversed *in toto*, and restitution and *venire facias de novo* awarded.

WRIT of error to the Court of Common Pleas of Crawford county.

It appeared by the record, that the suit was in slander, charging words of perjury. It was tried at Meadville, on the 16th October 1802, when the jury gave a verdict for the plaintiff below, and assessed damages at five dollars, with six cents costs. Judgment was entered thereon, and a *ca. sa.* issued to January term 1803, for the damages, together with $91 38 cents costs. The money was levied thereon; and on the return of the writ, a rule was obtained by the defendant below, to shew cause, why the costs received beyond the damages should not be returned. This rule was afterwards discharged on argument, in June term 1804.

Mr. A. W. Foster, argued for the plaintiff in error, at the last term.

Where damages in slander are found under 40s, the plaintiff shall not recover more costs than damages. 1 St. Laws 95. Where consequential damages are the gist of the action, there the cause of action is out of the statute. *Aliter*, where the words are actionable of themselves. 1 Bac. 564. 2 Espin. Dig. 268–9. *Bull. 11. 2 Stra. 936. Where words are actionable in themselves, special damages cannot be recovered, unless [*547 laid in the declaration. Bull. 7, 21. The defendant in error is therefore entitled to a restitution of the money which has been received under an illegal execution. 2 Sell. 515, (387.) 2 Cro. 698. 4 Mod. 161. This court will reverse the judgment below, so far as it respects the costs, but will affirm it, so far as it respects the damages. There can be no reason for a new trial, when the controversy is fully settled by the verdict, against which there is no exception. The damages and costs are distinct things, and capable of separation. If a judgment below be for the plaintiff, and error is brought, and that judgment reversed, yet if the record will warrant it, the court ought to give a new judgment for the plaintiff. 2 Sell. 513, (386.) Cites Cro. Car. 443. Salk. 401. Hob. 194. A judgment may he reversed in part, and affirmed in part, where part is by the common law, and part by statute. Salk. 24.

Messrs. Semple and Baldwin, for the defendant, admitted that the judgment of the Court of Common Pleas could not be supported, and that a writ of restitution should issue. But they

[Gailey, in Error, *v.* Beard.]

insisted that the judgment being entire below, it must either be reversed or affirmed *in toto*.

A marked distinction is to be found in the books. Where the plaintiff below brings error, and the court reverse the judgment, the court may give such judgment as the court below should have given. But if error be brought by the defendant below, the court can only reverse it. 4 Burr. 2156. Stra. 617. Salk. 262, 401, 433. An entire judgment for several damages on several counts, one whereof was erroneous, shall be reversed for the whole. 2 Ld. Ray. 825. 7 Mod. 155.

But the case of Lampen *v.* Hatch, 2 Stra. 934, is expressly in point. There in an action for words, the jury of inquiry gave 10l. damages, and the costs were taxed at 13l. and judgment had thereon. On error brought, the counsel for the plaintiff below insisted, that the judgment should be reversed *in toto*, it being a joint judgment, and not like the cases where no costs can be given, and there is a distinct judgment. And the court without any difficulty reversed the judgment *in toto*.

Our act of assembly pursues the very terms of the stat. 21 Jac. 1. c. 16. § 6, as to this point.

The court being desirous of examining, whether any case of this kind had occurred in Philadelphia, continued the matter under advisement.

*548] *And now *per* TILGHMAN, C. J. The case of Lampen *v.* Hatch cited by the counsel of the defendant in error is so very similar to that before the court, that I do not see how we can get over that authority. But I carefully avoid saying any thing about the general powers of the court, as to reversing a judgment in part, and affirming it in part. I am of opinion that in this case, the judgment of the court below, should be reversed *in toto*.

YEATES, J. Agreeably to my promise to my brothers, I consulted Mr. E. Burd the late prothonotary of the Supreme Court, as to the practice in cases of this nature ; but he knew of no instance of the kind. The general course is, for the Supreme Court to give judgment upon writs of error, when warranted by the record. The case in 2 Stra. 934, runs on all-fours with the present ; and yet it seems to be shaken by Cuming *v.* Sebly, in 4 Burr. 2489, where in a recovery by the plaintiff below of 1000l. debt upon the bribery act of Geo. 2. c. 24. § 7. in C. B. together with 1l. damages, besides his costs, and so much for his costs, and the defendant below brought error, the judgment was reversed as to damages and costs, and affirmed as to the debt. And there Lord MANSFIELD laid down the rule thus : " Where " the defendant below brings a writ of error, we only reverse " such wrong part of the judgment, as he complains of. " Ib. 2490. But circumstanced as this case is, I concur, that the judgment be totally reversed, the defendant in error agreeing thereto.

[Gailey, in Error, v. Beard.]

SMITH, J. also concurred.

BRACKENRIDGE, J. From the short note of the report of Lampen v. Hatch in Strange 934, it cannot be inferred, that we have a full view of the reasons which governed the decision of the court, but it may be collected from the words used, that the motives with the counsel for insisting to have the judgment reversed *in toto*, was the smallness of the damages; and the difficulty that was supposed to be in the way, was, whether it could be reversed *in toto*, there being error but in part. Here the struggle was to get at justice, and the technical difficulty to be got over, viz. whether the judgment could be reversed *in toto*, there being error but in part. To help them out in this, the counsel insisted, that it was a joint judgment. The court without difficulty reversed in this, *in toto ;* but it is not to be inferred, that they could not have considered it as a distinct judgment, and have reversed in part. It was considering it joint, to get at justice; when if for the same purpose, they had been inclined to *consider it distinct, there would have been no idea of [*549 difficulty in the case, and the word would not have occurred. The object was to give the plaintiff an opportunity of obtaining greater damages; and I am disposed to do the same here, and for the same reason. For it is very probable, that the jury in giving small damages, had it in their consideration, that the costs of the suit were to be added to them.

Had the court said in the above case, we think ourselves justified in considering the judgment joint or distinct, as we think proper, that is as one judgment, or as a judgment for damages, and a judgment for costs taken separately; one judgment with respect to the whole subject, two judgments with respect to the parts, it would have been right; for it is as the judgment is referred to, that it becomes entire or separate, and may have distinct application. Now it is probable, the court said to this effect; but the reporter took notice only of the simple difficulty, the considering a judgment for damages and costs as a joint judgment, where the parts were distinct; but it never came into their heads or the counsel, to find a difficulty in considering the judgment distinct; and to reverse in part where error was alledged in part only. It is by examining the reason of the case, and the ground of the decision, that we can supply in our own minds the defect of the report. Perhaps the court in the case in Strange, went no further than simply to say, they found no difficulty in considering the judgment joint, so as to get at a reversal of the whole; but omitted observing that they might also consider it distinct, so as to reverse in part only; and hence the idea has been taken, that they could not but have considered it as joint; and it is, lest it should be inferred that I give countenance to the narrowness of such doctrine, that I go a little more into the subject; for I think it disreputable to the science of the law, to have it supposed, that we cannot reverse where there

is error, without reversing at the same time what is right.   It ought to be some impracticability in the nature of the thing, that ought to prevent it.   This may be the case where the judgment is so entire, that it cannot be separated, where the whole must stand or fall.   In 2 Stra. 924, there is a reference to 1 Stra. 188, Bellow *v.* Aylemer, where in a *scire facias* against an executor, execution was awarded, and then the record goes on with a *consideratum est etiam*, that the plaintiff should have costs.   It was admitted, that the 8 and 9 Wil. 3; c. 10, which gives costs on a *scire facias*, does not extend to executors, and therefore the judgment for costs was erroneous.   But then it came to be the question, whether the court should reverse the whole judgment, or only *quoad* the costs ; for the executor insisted to have it reversed *in toto*, and that it was but one entire judgment, on which they *could not have several executions.   The counsel in reply contended, that by the *consideratum est etiam*, the judgment as to costs was a distinct and independent judgment.   But *per curiam consideratum est etiam* does not disjoin it at all ; yet they reversed as to costs, affirmed *pro residuo*.   This must have been because it could be resolved into parts by the nature of it ; and the form of entering by a *consideratum est etiam* as they suggest was of no account.   2 Stra. 808, is also cited, which is to the same effect, and does not go to the point whether the court would reverse *in toto*, but whether they must reverse *in toto*, where error was in part, and shews that this was the only question in 2 Stra. 934.

A judgment when entire, cannot regularly be reversed in part and affirmed for the residue.   Tidd. 1128.   He refers to 2 Ld. Raym. 825.   There old cases in Hobart and Moore were overruled ; and because one count was bad, being on a note of hand, and laid as according to the custom of merchants, though several damages were given, the court refused to reverse in part.   But in my opinion, the old books had the better reason, and HOLT was as erroneous in overruling them, on the authority of the cases in Keble, which were cited, as he has been since shewn to have been, in his notion, that the count was bad, according to his opinion in Clerke and Martin.   There is a narrowness in it which cannot bear the examination of common sense.   But the case which Tidd gives as an example to his observations, has reason with it, viz. that where A. brought an action on the case against B. for words spoken of him, and for causing him to be indicted, and the jury found a verdict for the plaintiff as to costs, with entire damages ; yet it being afterwards holden that the words were not actionable, the judgment was reversed *in toto*.   And with good reason ; for now could it be ascertained how much of the damages had been given for the words not actionable ?   But he goes on to observe with the same good sense, that if part of the words laid be not actionable, and several damages are given, it seems that judgment shall be reversed in part only.   I would say, that the making a difficulty

[Galbreath et al. *v.* Colt.]

of abridging the judgment or confining it to what is supportable, is like the embarrassment of the Welchman with his rope; if it had been too short, he could have spliced it, but being too long, he did not know what to do with it.   The true principle is, that where the judgment consists of independent parts, and it can be ascertained what is given on one, and what on the other, the judgment as to one part can be reversed and affirmed as to the other.   This principle is recognized by authorities.   In a writ of error, we reverse only such a wrong part of the judgment as is complained of.   4 Burr. 2490.   Where judgment is partly *by common law, and partly by statute, it may be re- [*551 versed in part.   Salk. 514.

At the same time, I must say, that though the courts have laid down this general principle, yet in the application of it, they have boggled in such a manner as to embarrass a person, who might be at a loss to see why they did consider judgments entire, that were easily separable; as where damages and costs were incorporated, they reverse as to damages and costs, when the error was only in the damages.   4 Burr. 2022.   As the costs could be ascertained on subtracting them, did not the damages appear, so that it was ascertainable what was to be reversed and what affirmed?   I am therefore more disposed in this, as in many other cases, to take the thing up as if there never had been a decision, and enquire what can be done, and what ought to be done, on the ground of general convenience, and conducing most to a speedy administration of justice.   It certainly is not to be desired, if it can be avoided, that a suitor shall be turned round, to begin again, having attained the end of his suit, merely because error has intervened in some particular item, which goes to make up the sum which is to be recovered.   It looks as if there was a spell upon the mind, that it could not think in such decisions.

Judgment of the Court of Common Pleas reversed *in toto,* restitution and a *venire facias de novo* awarded.